# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LINDOLFO THIBES,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:11-CV-00339-ECR-(RAM)

**ORDER**

    Petitioner has submitted an application to proceed in forma pauperis (#1), a motion for leave of court to file the longer than normal petition, and a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court grants the application (#1) and the motion to file a long petition. The court has reviewed the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner will need to submit an amended complaint.

    Pursuant to North Carolina v. Alford, 400 U.S. 25 (1970), petitioner pleaded guilty in the Eighth Judicial District Court of the State of Nevada to battery with the use of a deadly weapon, coercion, and coercion with the use of a deadly weapon. Petitioner did not appeal the judgment of conviction. Petitioner did file in the state district court a post-conviction habeas corpus petition, which was unsuccessful. Petitioner then commenced this action.

    The petition's only ground lacks merit. Petitioner alleges that errors occurred in the state post-conviction proceedings. "[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings." Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997).

Petitioner might have a claim of ineffective assistance of counsel. In an argument for relief from procedural default,[1] petitioner alleges that his trial counsel did not interview any witnesses, did not investigate the case, did not conduct pre-trial discovery, had no case to present at trial, and would not move for petitioner to withdraw his plea. These allegations are not sufficient for a response by respondents.

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

Mayle v. Felix, 545 U.S. 644, 649 (2005).

> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

Id. at 656. Petitioner does not provide any facts to support his allegations. He does not allege what witnesses that counsel could have interviewed, what counsel could have learned from an investigation or discovery, what theory of defense counsel could have developed, and what basis existed for a motion to withdraw petitioner's plea. In an amended petition, petitioner will need to allege facts that can support his allegations. Also, Petitioner should omit any claim of errors in his state post-conviction proceedings.

Petitioner has submitted a motion for appointment of counsel. Whenever the Court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v.

---

[1] The argument is premature, because respondents have not yet appeared in this action, let alone moved to dismiss the action because of procedural default.

Look, 718 F.2d 952 (9th Cir. 1983).  There is no constitutional right to counsel in federal habeas proceedings.  McCleskey v. Zant, 499 U.S. 467, 495 (1991).  The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them.  Weygandt, 718 F.2d at 954.  After reviewing the petition, the court concludes that appointment of counsel is not warranted.

IT IS THEREFORE ORDERED that petitioner's application to proceed in forma pauperis (#1) is **GRANTED**.

IT IS FURTHER ORDERED that the clerk of the court file the motion for leave of court to file the longer than normal petition and the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that petitioner's motion for leave of court to file the longer than normal petition is **GRANTED**.

IT IS FURTHER ORDERED that the clerk of the court shall send petitioner a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 form with instructions. Petitioner shall have thirty (30) days from the date that this order is entered in which to file an amended petition to correct the noted deficiencies.  Failure to comply with this order will result in the dismissal of this action.

IT IS FURTHER ORDERED that petitioner shall clearly title the amended petition as such by placing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" on page 1 in the caption, and petitioner shall place the docket number, 3:11-CV-00339-ECR-(RAM), above the word "AMENDED."

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

///
///
///
///
///

1  IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a
2 copy of the petition. Respondents' counsel shall enter a notice of appearance herein within twenty
3 (20) days of entry of this order, but no further response shall be required from respondents until
4 further order of the court.
5  DATED: August 1, 2011.

_____
EDWARD C. REED
United States District Judge