# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LINDOLFO THIBES,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:11-CV-00339-ECR-(WGC)

**ORDER**

    Petitioner has submitted an amended petition (#14). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground for relief. The court will serve the amended petition upon respondents for a response, with a note as to the timeliness of this action.

    Ground 1 repeats petitioner's claim of errors in the state post-conviction proceedings. These claims are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); see also Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997). The court dismisses ground 1.

    Ground 2 is a claim of ineffective assistance of counsel. Petitioner alleges that counsel should have investigated petitioner's medical condition. Petitioner also alleges that counsel should have inquired why the incident report that the prosecution provided was missing pages. Finally, petitioner claims that counsel misled him about his plea. These allegations are sufficient enough for a response, if this case proceeds to the merits.

1    The timeliness of this action appears to be an issue, based upon the allegations and exhibits
2 in the original petition (#6). Petitioner had one year from the finality of his judgment of conviction
3 to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). Judgment of conviction was
4 filed on July 3, 2006. Petitioner did not appeal. Petitioner filed a post-conviction habeas corpus
5 petition in the state district court on June 22, 2007. That court denied the petition on January 15,
6 2008, and issued its notice of entry on January 18, 2008. Petitioner did not file a notice of appeal
7 until December 9, 2010, well past the thirty-day deadline for appealing. See Nev. Rev. Stat.
8 § 34.575(1). The appellate proceedings concluded with the issuance of the remittitur on May 3,
9 2011. Petitioner mailed his original petition (#6) to this court on May 9, 2011. If the Nevada
10 Supreme Court determined that the appeal was untimely, then it was not properly filed and the time
11 spent on the appeal was not tolled pursuant to 28 U.S.C. § 2244(d)(2). The time between the
12 finality of the judgment of conviction and the commencement of the state habeas corpus petition,
13 combined with the time after the denial of the state habeas corpus petition, well exceeds one year.
14 However, petitioner also alleges that he did not receive notice of the denial of his state petition,
15 which might warrant equitable tolling. The court does not have enough information in the petition
16 (#6) or the amended petition (#14) to determine whether this action is untimely. Respondents
17 should review the record for timeliness. If they determine that timeliness is an issue, then they
18 should file a motion to dismiss to that effect.

19    IT IS THEREFORE ORDERED that respondents shall have forty-five (45) days from the
20 date of entry of this order to answer or otherwise respond to the amended petition (#14). If
21 respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing
22 Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five
23 (45) days from the date on which the answer is served to file a reply.
24 ///
25 ///
26 ///
27 ///
28 ///

1  IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if
2 appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or
3 other document submitted for consideration by the court.  Petitioner shall include with the original
4 paper submitted for filing a certificate stating the date that a true and correct copy of the document
5 was mailed to the respondents or counsel for the respondents.  The court may disregard any paper
6 received by a district judge or magistrate judge that has not been filed with the clerk, and any paper
7 received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.
8  DATED: January 27, 2012.

_____
EDWARD C. REED
United States District Judge