1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

9

LINDOLFO THIBES,

Case No. 3:11-cv-00339-MMD-WGC

10

Petitioner,

ORDER

11

v.

12

ROBERT LeGRAND, et al.,

13

Respondents.

14

15    Before the Court are the amended petition for a writ of habeas corpus pursuant

16    to 28 U.S.C. § 2254 (dkt. no. 14), respondents' motion to dismiss (dkt. no. 16),

17    petitioner's opposition (dkt. no. 22), and respondents' reply (dkt. no. 23).  The Court

18    finds that this action is untimely, that ground 2 of the amended petition does not relate

19    back to the effective filing of the original petition, and that petitioner has not exhausted

20    his available grounds for relief in state court for ground 2.  The Court grants the motion

21    to dismiss.

22    I.    PROCEDURAL HISTORY

23    Pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970), petitioner pleaded guilty

24    in the Eighth Judicial District Court of the State of Nevada to battery with the use of a

25    deadly weapon and coercion with the use of a deadly weapon.  The state district court

26    entered its judgment of conviction on July 3, 2006. Exh. 17 (dkt. no. 17).  Petitioner did

27    not appeal his judgment of conviction.  The judgment of conviction became final upon

28    expiration of the time to appeal on August 2, 2006. *See* Nev. R. App. P. 4(b).

Petitioner then filed a post-conviction habeas corpus petition in the state district court on June 22, 2007.   Exh. 19 (dkt. no. 17).  That court denied the petition in a hearing, outside petitioner's presence, on December 12, 2007.  A written order was entered on January 15, 2008.  Notice of the entry was sent to petitioner's last known address on January 18, 2008. Exh. 46 (dkt. no. 19).  Petitioner did not appeal within the thirty-day limit.  *See* Nev. Rev. Stat. § 34.575(1).

On October 1, 2009, petitioner filed a petition for a writ of mandamus in the Nevada Supreme Court.  Exh. 49 (dkt. no. 19).  That court denied the petition on October 27, 2009.  Exh. 51 (dkt. no. 19).  A notice in lieu of remittitur issued on November 24, 2009. Exh. 52 (dkt. no. 19).

On December 9, 2010, petitioner filed a notice of appeal from the decision on his state habeas corpus petition.  Exh. 53 (dkt. no. 19).  On February 18, 2011, the Nevada Supreme Court found that the notice was untimely, and that it lacked jurisdiction.  Exh. 66 (dkt. no. 20) (citing, among other authorities, Nev. Rev. Stat. § 34.575(1)).   The Nevada Supreme Court denied rehearing on April 6, 2011.  Exh. 73 (dkt. no. 20). Remittitur issued on May 3, 2011.  Exh. 77 (dkt. no. 20).

Petitioner mailed his original habeas corpus petition pursuant to 28 U.S.C. § 2254 (dkt. no. 6) to this Court on May 9, 2011.  The Court determined that his sole ground for relief was not addressable in federal habeas corpus because it raised only claims of errors in the state post-conviction proceedings.  Order (dkt. no. 4) (*citing Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989)).  The Court noted the possible existence of a claim of ineffective assistance of counsel, and the Court gave petitioner leave to amend the petition.  Petitioner mailed his amended petition (dkt. no. 14) to the Court on December 29, 2011.  The Court dismissed ground 1 because, again, petitioner alleged only errors in the state post-conviction proceedings.  The Court then served the petition upon respondents for a response to ground 2.  Order (dkt. no. 15).  The motion to dismiss followed.

///

## II.    THE ACTION IS NOT TIMELY

Congress has limited the time in which a person can petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  If the judgment is not appealed, then it becomes final thirty (30) days after entry, when the time to appeal to the Nevada Supreme Court has expired. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).  *See also* Nev. R. App. P. 4(b). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period.  28 U.S.C. § 2244(d)(2).  An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation.  *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).  Section 2244(d) is subject to equitable tolling.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (*quoting Pace*, 544 U.S. at 418).  The petitioner effectively files a federal petition when he mails it to the court.  *Stillman v. Lamarque,* 319 F.3d 1199, 1201 (9th Cir. 2003).

In its order directing a response, the Court noted that timeliness appeared to be an issue, but it did not have enough information to make a decision at the time.  Order, at 2 (dkt. no. 15).  Respondents have made clear that the petition is untimely.  Between the finality of the judgment of conviction on August 2, 2006, and the filing of the state

habeas corpus petition on June 22, 2007, 324 days passed.  The state habeas corpus petition tolled the period of limitation pursuant to 28 U.S.C. § 2244(d)(2) while it was pending.  The limitation clock started running again when the time to appeal the denial of the petition expired, on February 17, 2008.  Between the end of the state habeas corpus proceedings and the filing of the mandamus petition on October 1, 2009, another 592 days passed.  Respondents concede that the mandamus petition was eligible for tolling the period of limitation pursuant to § 2244(d)(2).[1]  That proceeding ended with the notice in lieu of remittitur on November 24, 2009.  Petitioner's belated appeal from the denial of his state habeas corpus petition, filed on December 9, 2010, was not eligible for tolling because the Nevada Supreme Court determined that it was untimely.  *See Pace*, 544 U.S. at 417.  Between the issuance of the notice in lieu of remittitur in the mandamus petition on November 24, 2009, and the mailing of the federal habeas corpus petition on May 9, 2011, 531 days passed.  A total of 1,447 non-tolled days have passed, and that time is well in excess of the one-year period of limitation.

The Court is not persuaded by petitioner's argument that the time between the state district court's denial of his post-conviction habeas corpus petition and the end of his untimely appeal is eligible for statutory tolling.  Petitioner bases his argument upon the Supreme Court's holding in *Carey v. Saffold*, 536 U.S. 214, 219-21 (2002), that the interval between the denial of a petition and the filing of a timely notice of appeal is tolled pursuant to § 2244(d)(2). The key is that the appeal must be timely.  In petitioner's case, the Nevada Supreme Court ruled that the appeal was not timely. "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."  *Pace*, 544 U.S. at 417 (*quoting Saffold*, 536 U.S. at 226). Therefore, none of the time after the expiration of the time to appeal the denial of the

///

---

[1]In reality, the federal period of limitation had expired before petitioner filed the mandamus petition, and there was no time left to be tolled.  *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

state post-conviction habeas corpus petition is eligible for tolling, with the exception of the time spent on the mandamus petition.

The Court also is not persuaded by petitioner's argument for equitable tolling. Petitioner alleges that he was extradited to California on October 24, 2007. He further alleges that he sent a notice of change in his address to the state district court, but that court never did change his mailing address. For the purposes of this order, the Court assumes that petitioner did send a notice. The state district court mailed the notice of entry of decision and order to petitioner's last known address, the High Desert State Prison. Exh. 46 (dkt. no. 19). Consequently, petitioner did not receive the notice that the state district court had denied his petition.[2] On July 23, 2009, the state district court filed a request from petitioner for a copy of the order denying his petition and a copy of the notice of the entry of the order; petitioner dated that request on July 21, 2009. Exh. 47 (dkt. no. 19). Petitioner knew no later than July 21, 2009, that the state district court had denied the petition.[3] When petitioner filed his mandamus petition in the Nevada Supreme Court on October 1, 2009, he included minutes of the district court showing that that court had denied the petition. Exh. 49 (dkt. no. 19).

In habeas corpus cases, the court of appeals has applied equitable tolling as an equitable concept. "[T]he one-year statute of limitations for filing a habeas petition may be equitably tolled if 'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.' The prisoner must show that the 'extraordinary ///

---

[2]Counsel for respondents inquired with a correctional officer who works in the mail room at the High Desert State Prison. The officer stated that it was the responsibility of the inmate to leave a forwarding address when the inmate is transferred to an out-of-state facility. Otherwise, mail addressed to that inmate is not logged and is returned to the sender. Exh. 83 (dkt. no. 24).

[3]Petitioner might not have known the contents of the order. However, on July 21, 2009, he was back in Nevada, at the Ely State Prison. If the state district court had granted the petition, and if that grant had been upheld on appeal, then at the very least he would have returned to the county jail for further proceedings in the district court. In other words, his continued presence in prison, and his knowledge that the district court had entered a final order, would have indicated to him that his petition was denied.

circumstances' were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (emphasis added) (citations omitted).

> [T]he prisoner must show that the "extraordinary circumstances" were the but-for and proximate cause of his untimeliness. . . . It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period.   This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

*Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (per curiam) (citations omitted).  The court of appeals for the Ninth Circuit has not applied a stop-the-clock rule for equitable tolling of § 2244(d).  As noted in *Allen*, petitioner must demonstrate causation as part of the requirement that he was pursuing his remedies diligently.   *See*, e.g., *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008 (9th Cir.), *cert. denied*, 130 S. Ct. 244 (2009); *Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005), *amended by* 447 F.3d 1165 (9th Cir. 2006); *Spitsyn*, 345 F.3d at 799.  In *Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002), the court determined that equitable tolling might have been warranted, but it applied the same causation rule that it had adopted in *Allen*, and the court remanded for further argument on whether equitable tolling was warranted.  304 F.3d at 922-26.[4]  Diligence requires a petitioner to file a petition as promptly as reasonably possible upon learning that the period of limitation had expired and upon the removal of the circumstances that prevented filing.  A petitioner who delays filing a petition in federal court while pursuing motions and petitions in state court, assuming that the federal court will equitably toll the period of limitations, has demonstrated neither a circumstance that prevents timely filing nor diligence in pursuing his remedies.  *Waldron-Ramsey* is instructive.  The petitioner in that case argued that the period of limitation should have been equitably tolled

///

///

---

[4]Judge McKeown's argument for a stop-the-clock rule did not have majority support.  304 F.3d at 926-27 (McKeown, J, concurring in the judgment).

because he did not have access to all of his legal records.  The court of appeals held:

> Moreover, even if Waldron-Ramsey may have faced some difficulty developing his claims without constant possession of all of his records, he has not adequately explained why he filed 340 days after his AEDPA [Antiterrorism and Effective Death Penalty Act] deadline. If diligent, he could have prepared a basic form habeas petition and filed it to satisfy the AEDPA deadline, <u>or at least could have filed it less than 340 days late assuming that some lateness could have been excused</u>.

556 F.3d at 1014 (emphasis added).

Petitioner has not shown any such diligence.  Whether he learned on July 21, 2009, or on October 1, 2009, that his state habeas corpus petition had been denied in January 2008, diligence required him to submit a federal habeas corpus petition as quickly as possible.  He could not rely upon the state mandamus petition's eligibility to toll the federal period of limitation pursuant to § 2244(d)(2), because that period of limitation already had expired.  Instead, petitioner waited more than one year and nine months before mailing a federal habeas corpus petition to this Court, and he has not explained why he took so long. Nothing was preventing him from filing the petition earlier than when he did. The record shows that petitioner was litigating in state court during that time.  He could also have been litigating in federal court.

Even if the Court were to use a stop-the-clock method of equitable tolling, the petition still would have been untimely. Between the finality of the judgment of conviction and the filing of the state habeas corpus petition, 324 days passed, and 41 days remained in the one-year period. If the Court were to hold a combination of statutory tolling and stop-the-clock equitable tolling existed from June 22, 2007, through July 21, 2009, then petitioner would have needed to mail his federal petition to this Court by August 31, 2009.  In other words, the federal period of limitation would have expired a month before petitioner filed his state mandamus petition, and this action still would be untimely.  The Court also could conclude that petitioner was entitled to stop-the-clock equitable tolling through October 1, 2009.  If the Court were to hold that a combination of statutory tolling and stop-the-clock equitable tolling existed from June 22, 2007, through November 24, 2009, when the state mandamus proceedings

1 concluded, then petitioner would have needed to mail his federal petition to this Court
2 by January 4, 2010.  Even with stop-the-clock equitable tolling, the petition would be
3 more than a year late.

4 **III.    GROUND 2 DOES NOT RELATE BACK TO THE ORIGINAL PETITION.**

5          Respondents next argue that if the Court finds that this action is timely, then
6 ground 2 of the amended petition does not relate back to the filing of the original
7 petition.  The only way that this action could be timely is if the Court holds that the one-
8 year federal period of limitation was tolled from June 22, 2007, when petitioner filed his
9 state habeas corpus petition, through May 3, 2011, when the Nevada Supreme Court
10 issued its remittitur in the untimely habeas corpus appeal.  The Court rejected that
11 argument above, but for the purposes of this section of the order, the Court will accept
12 it.  As noted above, 41 days remained in the federal one-year period when petitioner
13 filed his state habeas corpus petition.  Petitioner mailed his original federal petition on
14 May 9, 2011, 6 days after the conclusion of the state habeas corpus proceedings.
15 Petitioner mailed his amended petition, which contains ground 2, on December 29,
16 2011, 240 days after the conclusion of the state habeas corpus proceedings, and 199
17 days after the federal one-year period would have expired.  Ground 2 would be timely
18 only if it related back to the filing of the original federal petition.  Relation back, pursuant
19 to Rule 15(c) of the Federal Rules of Civil Procedure, is allowed "[s]o long as the
20 original and amended petitions state claims that are tied to a common core of operative
21 facts . . . ."  *Mayle v. Felix*, 545 U.S. 644, 664 (2005).

22          Even if this action was commenced timely, ground 2 of the amended petition still
23 would not relate back to the original petition.  The original petition had one claim, that
24 there were errors in the state habeas corpus proceedings.  The Court ruled that such a
25 claim is not addressable in federal habeas corpus.  The Court also noted petitioner
26 might have a claim of ineffective assistance of counsel based upon vague allegations in
27 his petition, but the Court also noted that petitioner did not allege any facts in support of
28 his claim. Order, at 2 (dkt. no. 4). Petitioner provided those facts in the amended

petition, but the amended petition is the first pleading in which those facts appear. Consequently, there is no common core of operative facts between ground 2 of the amended petition and the original petition. Ground 2 does not relate back to the original petition, and it is untimely.

The Court already has determined that ground 1 of the amended petition is not addressable in federal habeas corpus. The finding that ground 2 is untimely necessarily would result in the dismissal of this action.

## IV.    GROUND 2 IS NOT EXHAUSTED.

Respondents argue that petitioner has not exhausted his available state-court remedies for both grounds 1 and 2. The Court will not address respondents' argument for ground 1 because the Court already has determined that it is not addressable in federal habeas corpus.

Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court. 28 U.S.C. § 2254(b). To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

Respondents are correct that ground 2 is not exhausted. Petitioner presented the issue in ground 2 to the Nevada Supreme Court in his untimely state habeas corpus appeal. An untimely appeal is not a procedure by which the Nevada Supreme Court was likely to address the merits. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Ground 2 is unexhausted. The entire action would be subject to dismissal because ground 2 is the only remaining ground for relief.

## V.    GROUND 2 IS NOT PROCEDURALLY DEFAULTED.

Respondents argue that both grounds in the amended petition are procedurally defaulted because of the untimely appeal from the denial of the state habeas corpus petition. The Court will not address ground 1, because the Court already has

determined that ground 1 is not addressable in federal habeas corpus.  A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state-law ground that is independent of the federal question and adequate to support the judgment.  *Coleman v. Thompson,* 501 U.S. 722, 730-31 (1991).

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Id.* at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

The Court finds that the untimely appeal from the denial of petitioner's state habeas corpus petition was not a procedural default.  Pursuant to Nev. Rev. Stat. § 34.575, the Nevada Supreme Court simply had no jurisdiction to consider the appeal.  The appeal was, in effect, a nullity.  The decision on the state habeas corpus petition was final long before petitioner filed his notice of appeal.

## VI.   GROUND 2 IS ADDRESSABLE IN FEDERAL HABEAS CORPUS.

Respondents argue that grounds 1 and 2 of the amended petition are not addressable in federal habeas corpus.  The Court already has held that ground 1 is not addressable.  Order, at 1 (dkt. no. 15).  Ground 2 is a claim of ineffective assistance of counsel and is addressable in federal habeas corpus. Nevertheless, the Court is dismissing the action as untimely.

To appeal the denial of a petition for a writ of habeas corpus, petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows: When the  district court denies a habeas petition on procedural grounds

without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also James v. Giles*, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  The Court has reviewed the amended petition (dkt. no. 14). Jurists of reason would find it debatable whether ground 2, a claim of ineffective assistance of counsel, states a valid claim of the denial of a constitutional right.  Jurists of reason also would find it debatable whether the Court's decision that this action is untimely is correct.  The Court will grant a certificate of appealability on this issue.

## VII.    CONCLUSION

IT IS THEREFORE ORDERED that respondents' motion to dismiss (dkt. no. 16) is GRANTED.  This action is DISMISSED with prejudice as untimely.  The Clerk of the Court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is GRANTED on the issue whether the Court is correct in its ruling that this action is untimely.

DATED THIS 26th day of July 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE